Mark R. Pachowicz (SBN 138108)
mark@pachowicz.com
Jennie Hendrickson (SBN 144562)
jennie@pachowicz.com
**PACHOWICZ | GOLDENRING APLC**
6050 Seahawk Street
Ventura, CA 93003-6622
Tel: (805) 642-6702 / Fax: (805) 805-642-3145

Attorneys for Plaintiff, ESTATE OF ANDREW RICARDEZ, Deceased, Through
His Successor in Interest Rick Ricardez and RICK RICARDEZ, Individually

Sonia M. Mercado (SBN 117069)
Soniamer2002@yahoo.com
**SONIA MERCADO & ASSOCIATES**
5711 W. Slauson Ave., Suite 100
Culver City, California 90230
Telephone: (310) 410-2981; Fax: (747) 264-1841

Attorneys for Plaintiff ANGELA PEREZ, Individually and as Successor in Interest

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ANDREW RICARDEZ, Deceased, Through His Successor In Interest, Rick Ricardez and RICK RICARDEZ, Individually And As Successor In Interest; ANGELA PEREZ, Individually And As Successor In Interest, | **Case No. 2:20-cv-00079-JFW (ASx)** |
| | Assigned to: Hon. John F. Walter Honorable Alka Sagar, Magistrate Judge |
| Plaintiffs, | **JOINT STIPULATED DISCOVERY PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF VENTURA, a public entity; VENTURA COUNTY SHERIFF'S OFFICE; SHERIFF BILL AYUB, individually and in his official capacity as Sheriff; CALIFORNIA FORENSIC MEDICAL GROUP, INC. (AKA Correctional Medical Group | Complaint Filed:  1/3/2020<br>Trial Date:  6/8/21<br>Disc. Cut-off:  4/1/2021<br>Pre-Trial:  5/28/2021 |

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

1 Companies, Inc. and AKA
WELLPATH); H.I.G. CAPITAL, LLC.;
2 TAYLOR FITHIAN, M.D.,
individually and in his official capacity;
3 PAUL ADLER, D.O., individually and
in his official capacity; RONALD
4 POLLACK, M.D., individually and in
his official capacity; NITIN NANDA,
5 M.D.; JUSTIN R. REYNA, individually
and in his official capacity; KIP
6 HALLMAN, individually and in his
official capacity; ELAINE HUSTEDT,
7 individually and in her official capacity;
MAHSA CHADORCHI, and DOES 1
8 through 10, inclusive.
9

10                Defendants.

11

12

13 ALL THE PARTIES TO THIS STIPULATED PROTECTIVE ORDER ARE AS

14 FOLLOWS:

15

16 Mark R. Pachowicz (SBN 138108)
mark@pachowicz.com
17 Jennie Hendrickson (SBN 144562)
jennie@pachowicz.com
18 PACHOWICZ | GOLDENRING APLC
19 6050 Seahawk Street
Ventura, CA 93003-6622
20 Tel: (805) 642-6702 / Fax: (805) 805-642-3145
Attorneys for Plaintiffs Estate of Andrew Ricardez and Rick Ricardez, Individually
21

22 Sonia M. Mercado (SBN 117069)
soniamer2002@yahoo.com
23 SONIA MERCADO & ASSOCIATES
5711 W. Slauson Ave., Suite 100
24 Culver City, California 90230
Tel: 310.410.2981; Fax: 747-264-1841
25 Attorneys for Plaintiff Angela Perez

26

27 **JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**
28

2

PAUL B. BEACH (SBN 166265)
pbeach@lbaclaw.com
JAMES S. EICHER, JR. (SBN 213796)
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR. (SBN 306115)
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 W. Broadway, Suite 1200
Glendale, California 91210-1219
Tel:(818) 545-1925; Fax: (818) 545-1937
Attorneys for County of Ventura, Ventura County Sheriff's Office, and Sheriff Ayub

Peter G. Bertling (SBN 131602)
peter@bertlinglawgroup.com
Jemma Parker Saunders (SBN 227962)
jemma@bertlinglawgroup.com
BERTLING LAW GROUP, INC.
15 West Carrillo Street, Suite 100
Santa Barbara, CA 93101-8215
Direct: 805-456-2734; Fax: (805) 962-0722
Attorney for CFMG, AKA CMGC, Wellpath, Taylor Fithian, M.D., Paul Adler, D.O., Ronald Pollack, M.D., Kip Hallman, Elaine Hustedt, and Mahsa Chadorchi

Brian L. Hoffman (SBN 150824)
bhoffman@wshblaw.com
Maxim Latman (SBN 296648)
mlatman@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Blvd., 18 Floor
Los Angeles, CA 90024
Tel: 310-481-7600; Fax: 310-481-7650
Attorney for Dr. Nitin Nanda

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve the exchange of documents, items, or materials and other information that some of the parties maintain as confidential for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials records contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality.  Information produced in response to discovery requests to other parties may contain confidential or proprietary information, or may disclose information concerning highly sensitive and confidential financial information, trade secrets, or other confidential materials, including the sensitive information of third parties.  Such records may include, but may not be limited to:

1) County of Ventura Defendants - Records concerning the overall description, design and/or layout of the interior of the Ventura County Main Jail ("Pre-Trial Detention Facility") where Decedent was housed,  photographs and/or video

4

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

recordings of Decedent's entrance, housing, and movement throughout the Pre-Trial Detention Facility, and photographs and/or video recordings of all interior areas within the Pre-Trial Detention Facility that are not accessible to the general public, including the overall design and layout of inmate housing units, safety cells, initial intake and booking areas, special housing units for psychiatric inmates, inmate and security personnel movement corridors, and any monitoring stations housed by jail security and/or medical staff.  The County of Ventura believes, in good faith, that disclosure of the above materials concerning or reflective of the design and layout of interior areas within the Pre-Trial Detention Facility without a protective order may compromise the safety and privacy of Defendants' employees and third parties, including jail security, medical staff, and inmates, and effect the overall operation of the jail.  The County of Ventura believes, in good faith, that materials that fall within the categories outlined above (Page 4, line 24 to page 5, line 6) are the type protected by the Official Information Privilege, the right to privacy guaranteed in the Federal Constitution and contemplated by the federal courts based upon a legitimate need for jail security, safety, privacy, and operational concerns, and thus, are Confidential and protected from public disclosure.

Additional County of Ventura documents likely to be exchanged include materials related to or regarding peace officers' personnel files, records related to third parties not involved in this litigation (including materials containing sensitive and/or private information regarding third parties housed at the Ventura County Jail and/or victims of crime), materials and information concerning the initial intake and classification and housing of inmates, and portions of County of Ventura policies, procedures, manuals, and/or training materials that are not publicly available and relate specifically to jail security, the classification and housing of inmates, and prevention of cell assignment manipulations by inmates. Furthermore, Ventura County Sheriff's

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

Office Detention Services Divisional Policy Section 11 Chapter 4, regarding Inmate Classification and Placement, shall be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," based on its highly confidential nature. The County of Ventura believes, in good faith, that materials that fall within the categories outlined above (at Page 5, lines 16-24) are the type protected by the Official Information Privilege, the right to privacy guaranteed in the Federal Constitution, First Amendment, and contemplated by the federal courts based upon the legitimate need for jail security, safety, privacy, and operational concerns, and thus, are Confidential and protected from public disclosure.

    2) Defendants CFMG and/or CMGC and/or Wellpath – Records and policies, procedures, manuals and or training materials that are not publicly available and may be proprietary, investigation materials which may be related to the incident at issue, and documents which potentially identify third party private and confidential medical information.  CFMG and/or CMGC and/or Wellpath believe(s), in good faith, that materials that fall within the categories outlined above are the type protected by the Official Information Privilege, State and Federal medical privacy statutes including but not limited to HIPAA and the California Confidential Medical Information Act (CMIA) and thus, are Confidential and protected from public disclosure.

    Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

    It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without good faith

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1 Action: *Estate of Andrew Ricardez, et al. v. County of Ventura, et al.*  Case Number 2:20-cv-00079-JFW (ASx).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

7

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>"CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>" materials may be provided only to Counsel, Outside Counsel of Record and House Counsel (as well as

8

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

their support staff), as defined herein and to Experts as defined in section 2.7 herein, after the Execution of the attached Exhibit "A", Agreement to Be Bound.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial or in conjunction with dispositive motions shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial or in conjunction with dispositive motions. Should a Party wish to utilize Confidential Information, whose designation has not been withdrawn or ruled upon by the Court as set forth in Section 6, below, in conjunction with the filing of or opposition to a dispositive motion, all reasonable steps to maintain its confidentiality during such use shall be taken, including but not limited to redaction and/or filing documents and materials under seal as set forth in Section 12.3 below and Section 9 of the Court's Standing Order (Docket No. 11).

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

9

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record as CONFIDENTIAL or

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

CONFIDENTIAL - ATTORNEYS' EYES ONLY, before the close of the deposition all protected testimony.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     In the case of depositions, Designating Party may designate any portion of the deposition testimony given regarding the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY in this litigation as Confidential Information orally during the deposition. Any questions intended to elicit testimony regarding the contents of the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be conducted only in the presence of persons authorized to review the CONFIDENTIAL Information or CONFIDENTIAL - ATTORNEYS' EYES ONLY Information in this litigation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY as provided in this Order as outlined in Section 7.2. The portions of the deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY Information.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules.    See http://www.cacd.uscourts.gov/honorable-alka-sagar.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel;

(e) Court reporters, deposition videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:

(1)     The deposing party requests that the witness sign the form attached as Exhibit A hereto; and

(2)     They will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"  before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

(2)     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

///

///

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by

the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

   After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon request and/or notification from the Producing party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

19

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: June 25, 2020          /s/ Sonia Mercado
                              Sonia Mercado, Attorneys for Plaintiff Angela Perez

Dated: June 25, 2020          /s/ Jennie Hendrickson
                              Jennie Hendrickson, Attorneys for Plaintiffs Estate of
                              Andrew Ricardez and Rick Ricardez

Dated: June 25, 2020          /s/ James S. Eicher
                              James S. Eicher, Jr., Attorneys for Defendants
                              County of Ventura, Ventura County Sheriff's Office,
                              and Sheriff Bill Ayub

Dated: June 26, 2020          /s/ Jemma Parker Saunders
                              Jemma Parker Saunders, Attorneys for Defendants
                              CFMG (AKA CMGC, Wellpath) Taylor Fithian,
                              M.D., Paul Adler, D.O., Ronald Pollack, M.D., Kip
                              Hallman, Elaine Hustedt, and Mahsa Chadorchi

Dated: June 25, 2020          /s/ Brian Hoffman
                              Brian L. Hoffman, Attorneys for Defendant
                              Nitin Nanda, M.D.


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:  __June 29, 2020____          _____/s/_____
                              Honorable Alka Sagar
                              United States District Court Magistrate Judge

20

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date      ] in the case of *Estate Of Andrew Ricardez, Deceased, Rick Ricardez, and Angela Perez v. County Of Ventura; Ventura County Sheriff's Office; Sheriff Bill Ayub; California Forensic Medical Group, Inc. (AKA Correctional Medical Group Companies, Inc. And AKA WELLPATH); H.I.G. Capital, LLC.; Taylor Fithian, M.D.; Paul Adler, D.O.; Ronald Pollack, M.D.; Nitin Nanda, M.D.; Justin R. Reyna; Kip Hallman; Elaine Hustedt, Mahsa Chadorchi, and Does 1-10*, Case No. 2:20-cv-00079-JFW (ASx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full

21

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**

**CERTIFICATE OF SERVICE**

*Estate of Andrew Ricardez, et al. v. County of Ventura, et al.*
**USDC Case No. 2:20-cv-00079-JFW (ASx)**

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within entitled action. My business address is: 4055 Mission Oaks Blvd., Ste. A, Camarillo, California 93012.

I served the foregoing document(s) described as **JOINT STIPULATED DISCOVERY PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

____   **MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is place for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

__X__   **ELECTRONIC SERVICE:** Through the CM/ECF filing system.

__X__   **FEDERAL:** I declare that I am employed in the office of a member of the Bar at whose direction service was made.

Executed this 26th day of June, 2020, at Camarillo, California.

*Regan Arkelin*
Regan Arkelin

1

## SERVICE LIST

| | |
|---|---|
| Sonia M. Mercado<br>Sonia Mercado & Associates<br>5711 W. Slauson Avenue, Suite 100<br>Culver City, CA 90230<br>(310) 410-2981<br>(310) 210-4445 cell<br>Fax: (747) 264-1847<br>soniamer2002@yahoo.com | Counsel for Plaintiff Angela Perez, individually and as Successor in Interest |
| Rocco Zambito, Jr.<br>James S. Eicher, Jr.<br>Lawrence Beach Allen & Choi<br>100 W. Broadway, Suite 1200<br>Glendale, CA 91210-0219<br>rzambito@lbaclaw.com<br>jeicher@lbaclaw.com | Counsel for Defendants County of Ventura, Ventura County Sheriff's Department, Ventura County Sheriff Bill Ayub |
| Peter G. Bertling<br>Jemma Parker Saunders<br>BERTLING LAW GROUP, INC.<br>15 W. Carrillo Street, Suite 100<br>Santa Barbara, CA 93101-8215<br>(805) 879-7558<br>Fax: (805) 962-0722<br>peter@bertlinglawgroup.com<br>jemma@bertlinglawgroup.com<br>Cyndi@bertlinglawgroup.com<br>Stephanie@bertlinglawgroup.com | Counsel for Defendants California Forensic Medical Group, Inc. (aka Correctional Medical Group Companies, Inc. and aka Wellpath), Taylor Fithian, M.D., Paul Adler, D.O., Ronald Pollack, M.D., Kip Hallman, Elaine Hustedt , Mahsa Chadorchi |

24

| | |
|---|---|
| Brian L. Hoffman, Esq.<br>Maxim Latman, Esq.<br>WOOD. SMITH, HENNING &<br>BERMAN,<br>10960 Wilshire Blvd., 18 Floor<br>Los Angeles, CA 90024<br>bhoffman@wshblaw.com<br>mlatman@wshblaw.com | Counsel for Defendant NITIN<br>NANDA, M.D. |

25

**JOINT STIPULATION FOR A PROTECTIVE ORDER**
**2:20-cv-00079-JFW (ASx)**